UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BRAD LEE WIGENT,

   Plaintiff,

   v.              Case No. 3:14-cv-1591-JVB-CAN

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security Administration,

   Defendant.

## OPINION AND ORDER

Plaintiff Brad Lee Wigent seeks judicial review of the Commissioner of Social Security's decision denying him disability insurance benefits, and asks this Court to remand the case to the agency. For the reasons discussed below, the Commissioner's decision is remanded for further consideration.

**A.** **Overview of the Case**

Plaintiff alleges that he became disabled on June 30, 2011, due to sleep apnea, hidradenitis, and schizophrenia. (R. at 16.) Plaintiff also suffers from learning disability and anxiety. (R. at 16.) Administrative Law Judge David Bruce determined that the schizophrenia, learning disability, and anxiety were severe, but also concluded that Plaintiff was nonetheless able to work. (R. at 24.) On February 22, 2013, the ALJ denied Plaintiff benefits. (R. at 24.) The ALJ's decision became the Commissioner's final decision when the Social Security Appeals Council denied Plaintiff's request for review. (R. at 5.)

## B. Standard of Review

This Court has authority to review Social Security Act claim decisions under 42 U.S.C. § 405(g). The Court will uphold an ALJ's decision that applies the correct legal standard and is supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). The Court will, however, ensure that the ALJ built an "accurate and logical bridge from the evidence to his conclusion." *Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002).

## C. Disability Standard

The SSA has established a five-step inquiry to evaluate whether a claimant qualifies for disability benefits. A successful claimant must show:

> (1) he is not presently employed; (2) his impairment is severe; (3) his impairment is listed or equal to a listing in 20 C.F.R. § 404, Subpart P, Appendix 1; (4) he is not able to perform his past relevant work; and (5) he is unable to perform any other work within the national and local economy.

*Scheck v. Barnhart*, 357 F.3d 697, 699–700 (7th Cir. 2004).

A "no" at any point other than step three means that the claimant is not disabled. *Zurawski v. Halter*, 245 F.3d 881, 886 (7th Cir. 2001). A "yes" leads either to the next step or, on steps three and five, to a finding that the claimant is disabled. *Id.* The claimant bears the burden of proof at every step except step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

## D. Analysis

Plaintiff argues that: the ALJ's finding that Plaintiff can do simple repetitive work with limited contact with others is not supported by substantial evidence; the ALJ did not properly assess the severity of Plaintiff's hidradenitis and sleep apnea; and the ALJ made credibility determinations that are not supported by substantial evidence.

**(1)** *The ALJ failed to address all medical evidence as required by 20 C.F.R. 404.1527*

Under 20 C.F.R. § 404.1527(c), the Social Security Administration must evaluate "every medical opinion" received. But the ALJ's decision in this case inexplicably fails to address the opinion of Dr. Turner-Campbell, a psychologist who examined Plaintiff at request of the state disability determination agency, and whose opinion is highly supportive of Plaintiff's disability claim. (R. at 384–389.) Notably, Dr. Turner-Campbell's opinion does not stand alone, but supports the opinion of Plaintiff's treating physician. (R. at 408–440.)

This unexplained omission of Dr. Turner-Campbell's report means that the ALJ's decision does not build the requisite bridge from evidence to conclusion. As a result, the Court cannot determine whether the conclusion that Plaintiff is not disabled was supported by substantial evidence.

**(2)** *The ALJ did not err in judging Plaintiff's hidradenitis and sleep apnea as non-severe*

Plaintiff bears the burden of proof to show that his conditions are severe. Plaintiff has provided very little evidence to support the conclusion that his hidradenitis and sleep apnea are severe; what evidence he does provide predates the disability onset date. (R. at 17.) Plaintiff provides a compelling alternative reading of the evidence, but that is not enough. The ALJ's interpretation does not have to be the best one. It just has to be supported by substantial evidence. Given how little evidence suggests that Plaintiff's hidradenitis and sleep apnea have been severe within the alleged disability period, the ALJ's determination was reasonable.

**(3)** *The ALJ's credibility determination was not patently wrong*

ALJ credibility determinations are entitled to deference because the ALJ is "in a special position to hear, see, and assess witnesses." *Murphy v. Colvin*, 759 F.3d 811, 815 (7th Cir. 2014). Courts will not overturn such a credibility determination unless it lacks any explanation or support. *Id.* at 816. A credibility determination will be upheld as long as it is explained in a way that allows the court to determine that the ALJ logically based the determination on specific findings and record evidence. *Id.* In this case, the ALJ provided a logical explanation for the credibility determination: the Plaintiff's statements were not consistent with the bulk of the evidence in the record. (R. at 21–22.) Of course, after properly addressing Dr. Turner-Campbell's opinion, the ALJ may need to revisit this credibility determination as well.

**E.    Conclusion**

The Court finds that because the ALJ did not address a medical opinion that supports Plaintiff's claim, the ALJ failed to build a logical bridge from evidence to conclusion. Therefore, the Court remands the case for further proceedings consistent with this opinion.

SO ORDERED on September 24, 2015.

 S/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE